# EX PARTE HUGHES.

ORIGINAL.

Argued March 31, 1885.—Decided April 6, 1885.

On a petition for a writ of mandamus to a circuit judge directing him to pay over to the petitioner a sum of money alleged to have been paid into court for the petitioner, and to be absolutely and unconditionally his property, and also alleged to be held in court because the judge refused to sign an order for its payment to petitioner, a rule to show cause was issued; and a return thereto being made, showing that it had not been adjudged that the money belonged to petitioner but that the litigation was still pending; *Held*, That the petitioner was not entitled to the writ.

Application for a writ of mandamus. The facts which make the case are stated in the opinion of the court.

*Mr. John H. Mitchell* for petitioner.

*Mr. J. N. Dolph* opposing.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an application for a writ of mandamus requiring Matthew P. Deady, judge of the District Court of the United States for the District of Oregon, to "forthwith sign and execute, by signing or countersigning any and all such orders, matters and things as may be requisite or necessary to enable your petitioner (Ellis G. Hughes, an attorney-at-law practising in the Circuit and District Courts of the United States for such district) to withdraw from the depositary of said court the sum of five hundred dollars belonging to him." The petition for the writ, which is sworn to by the petitioner, states that on and prior to May 3, 1882, there was pending in the Circuit Court of the United States for the District of Oregon a suit in equity for the foreclosure of a mortgage in which William Reid, manager, was plaintiff, and H. McCallister and W. B. McCallister, defendants, and that the plaintiff therein "recovered in said suit a certain decree as against the defendants . . . . and a certain order of sale, wherein and whereby it

was ordered, adjudged, and decreed that the defendants  .  .  .
should pay to the plaintiff a certain sum of money, and interest
as therein specified, and also the costs and disbursements in the
suit to be taxed, 'including ten per cent. on the full amount
due from the defendants  .  .  .  to the complainant, as an
attorney's fee to the attorney of the complainant,' and that in
default of such payment being made certain lands in said decree
and order of sale set out and described be sold."

The petition further states, "that your petitioner, as the
attorney of the plaintiff, by express agreement and by the ex-
press terms and conditions of said decree and order of sale, was
the absolute and unconditional owner of the attorney's fee re-
covered therein and thereby as costs of the suit."  It is then
stated that a sale of the mortgaged property was made under
the decree, and "the amount due your petitioner under said
decree and order of sale, as and for his attorney's fee, .  .  .
having been regularly ascertained and determined, the said
purchaser at said sale paid to the clerk of the Circuit Court
.  .  .  as and for and in payment of the claim of your peti-
tioner for his attorney's fee,  .  .  .  the full amount so as
aforesaid ascertained and determined to be due to your
petitioner therefor."  The petition then states that, upon the
collection of the money, it was deposited in the registry of the
court, and that, although demanded, the district judge holding
the Circuit Court had refused to sign an order for its payment
in full to him, but that the sum of $500, part thereof, was re-
tained, although it was then in the depositary of the court
and "absolutely and unconditionally the property of your
petitioner."

No copies of the various orders and decrees on which the
rights of the petitioner depend were attached to the petition; but
upon the positive sworn statements of the petitioner as to their
nature and effect, a rule was entered on the district judge to
show cause why the writ asked for should not be issued.  To
this rule a return has been made from which it appears unmis-
takably that it has never been adjudged that the petitioner was
the owner of the money in court.  On the contrary, it does
appear that, on the 4th of December, 1884, the petitioner asked

that the money in court, being $1,039.42, be "paid to him by the clerk," and thereupon it was ordered "that there be paid to said Hughes (the petitioner) out of said funds the sum of $519.04," but the court declined to make any disposition of the rest of the fund until the plaintiff had notice of the application and could be heard thereon. The amount so ordered to be paid was afterwards received from the registry of the court by the petitioner. The application for the rest of the fund was subsequently heard, the plaintiff in the suit appearing to resist, and upon full consideration it was expressly adjudged by the court that the litigation in the case was not ended, and that "neither by the terms of the decree nor the right and justice of the case was he [petitioner] entitled to the same [the money] until he had earned it by prosecuting said suit to a final decree as to all the defendants therein." The application for the remainder of the money was consequently denied, and the fund was left "in the registry of the court to be disposed of or applied hereafter as the rights of the parties and justice of the case may require." Certainly upon this return the petitioner is not entitled to the writ he asks.

*The rule heretofore granted is discharged with costs.*