H. L. Brown v. The Board of Commissioners of Rush County, *et al.*

1. Election Returns — *Canvassing Board — Illegal Votes.* Where election returns are regular in form and genuine, a canvassing board has no authority to determine whether illegal votes have been received and included in said returns.

2. Votes, *Error in Excluding; Mandamus.* Where, upon such investigation and determination, certain votes are excluded from such returns and canvass by the canvassing board, *held*, that such exclusion is erroneous, and said canvassing board may be compelled by mandamus to reconvene and recanvass said returns.

*Original Proceedings in Mandamus.*

On December 27, 1887, an alternative writ of mandamus was issued out of this court upon a verified petition filed therefor on behalf of H. L. Brown, and directed to the board of

county commissioners of Rush county, and J. R. Stock, A. C. Lippert and J. E. Ruhl, members of said board, and L. K. Hain, county clerk of said county, commanding them to meet on the 31st day of December, 1887, at the office of the county clerk of Rush county, as a board of canvassers, and then and there to canvass the returns of an election held on the 8th day of November, 1887, in said county; and to canvass the returns from the first commissioner district and declare therefrom that H. L. Brown received 308 votes for county commissioner in said first commissioner district in said county, and that R. C. Jeffries received 303 votes for commissioner in said first commissioner district, and to declare that H. L. Brown received a majority of all the votes cast at said election in the first commissioner district in said county for county commissioner, and to duly issue to H. L. Brown a certificate of election therefor. The petition alleged that the first commissioner district of said county was composed of the townships of Center, La Crosse, Fairview, and Big Timber, and that at said election for county commissioner in said district, plaintiff received in Center township 238 votes; in La Crosse township, 16 votes; in Fairview township, 37 votes; in Big Timber township, 17 votes; total, 308 votes; that R. C. Jeffries received for the office of county commissioner in said first commissioner district, in Center township, no votes; in La Crosse, township, 210 votes; in Fairview township, 40 votes; in Big Timber township, 53 votes; making a total of 303 votes; and that the election returns from said townships were duly made to the county clerk of said county.

Plaintiff further alleged that on the 11th day of November, 1887, said defendants met as a canvassing board, and proceeded to canvass the returns from said election, and the board threw out and refused to count 17 votes from Center township, and did determine that plaintiff received only 221 votes from said township, instead of 238, as is shown by said returns, and that the board determined and declared that Jeffries had received a majority of all the votes cast in the first commissioner district, and issued a certificate of election to him. On

the 5th day of January, 1888, the defendants appeared and filed their motion to quash the alternative writ; and thereupon the attorneys for the plaintiff and defendants entered into the following stipulation:

"It is now here stipulated and agreed that the motion to quash the alternative writ be passed for hearing until the February sitting of this court; that this cause be advanced for hearing at that sitting; that if said motion to quash is overruled, the answer of the defendants to be filed instanter, without delay to the hearing thereon at that time."

Thereupon said cause was continued until the February sitting of the court. On the 10th day of February, the parties appeared, and the defendants, by leave of court, withdrew their motion to quash, and filed their answer. In their answer, among other things, they admitted all the allegations of the plaintiff's petition, but alleged that on the 11th day of November, as a canvassing board they found and determined that at said election in the first commissioner district, in Center township, there had been 17 illegal votes cast, and that said votes were counted and returned in the returns from said township in favor of H. L. Brown for county commissioner of the first district, and that thereupon, and in the presence of Brown, and by his consent, said votes were rejected, thrown out and not counted, and that the returns from the township were counted 221 instead of 238, as shown by the face of the returns. On the part of the plaintiff, the certified returns from the said townships composing the first commissioner district of said county were offered in evidence. No evidence was offered on behalf of the defendants.

The opinion herein was filed at the session of the court in February, 1888.

*Edwin A. Austin*, for plaintiff in error.

*J. W. Ady*, *D. Rathbone*, and *Hargrave & McCormick*, for defendants in error.

Opinion by CLOGSTON, C.: This is an action to compel the defendants by mandamus to convene as a board of canvassers and to canvass the votes cast and returned from the first com-

missioner district in Rush county for the office of commissioner for said district. The only question raised is, did the board of county commissioners and the county clerk, when convened as a canvassing board, have the right to determine and pass upon the question whether illegal votes had been cast and returned in said district for the office of county commissioner? It is admitted by the defendants that the returns from the townships in said district were regular in form and genuine, and that upon the face of the returns it is shown that the plaintiff received 308 votes for county commissioner in said district, and that said 308 votes were a majority of all the votes cast in said district for commissioner; but they claim that they had the right, and that it was their duty, to throw out all votes illegally cast at said election, and that, in pursuance of such right, they threw out 17 votes returned from Center township, which when so thrown out left a majority for Jeffries, the candidate opposing the plaintiff, and that if said votes had not been thrown out plaintiff would have been entitled to a certificate.

It was held in *The State, ex rel., v. Stevens,* 23 Kas. 456, that this court would not compel the canvassing board of a county to canvass the returns where it was shown that the returns were so grossly and manifestly untrue as to be of no value in ascertaining the will of the people. But that is not claimed in this case. Here it is shown that the returns were genuine, but it is claimed that they included some illegal votes, and the board found the number to be 17, and refused to count them in the returns of the township. This we think the board had no authority to do. Where it is once determined that the returns are genuine, the board has no further right to investigate and declare which of the votes are illegal and fraudulent. The board must count the votes as it finds them. Its duties are simply ministerial: to declare the result from the returns so made. This question has been passed upon so often by this court that it is hardly necessary to say more. In *Lewis v. Comm'rs of Marshall Co.,* 16 Kas. 102, it was said:

"It is a common error for a canvassing board to overesti-

mate its powers. Whenever it is suggested that illegal votes have been received, or that there were other fraudulent conduct and practices at the election, it is apt to imagine that it is its duty to inquire into these alleged frauds, and decide upon the legality of the votes. But this is a mistake. Its duty is almost wholly ministerial. It is to take the returns as made to them from the different voting precincts, add them up, and declare the result. Questions of illegal voting and fraudulent practices are to be passed upon by another tribunal." (Also see *The State, ex rel., v. Stevens,* 23 Kas. 456; *The State, ex rel., v. Comm'rs of Hodgeman Co.,* 23 id. 268; *Hagerty v. Arnold,* 13 id. 367.)

From these authorities it will be seen that a board of canvassers has no such authority as is claimed by the defendants. To hold otherwise would be to transform such canvassing board into a tribunal, not only to canvass such returns, but to determine all contests arising therefrom. It is evident that the defendants have exceeded their authority, and have offered no excuse for so doing. It is therefore recommended that the peremptory writ of mandamus be awarded as prayed for; that the defendants be commanded to meet and canvass the vote for said commissioner district upon the face of said returns, and to determine that H. L. Brown has been duly elected county commissioner of said first district, and that said board issue a certificate of election to him therefor.

By the Court: It is so ordered.

All the Justices concurring.