U. B. SHARPLESS v. WILLIAM BUCKLES *et al.*

No. 13,389.    (70 Pac. 886.)

SYLLABUS BY THE COURT.

1. MANDAMUS— *Office of the Writ.*  The only purpose of a writ of mandamus is to require the person to whom it is issued to perform some act which the law enjoins as a duty.  The writ itself confers no power and creates no duty, and its only office is to command the exercise of a power already possessed, or the performance of a duty already imposed.

2. ——— *Duty of County Canvassing Board— When Mandamus will not Lie.*  The duty of a county canvassing board is ministerial only.  If the election returns made to the county clerk are genuine and regular, the board has no other duty to perform than to make the footings and declare the result.  Mandamus will not lie to require a county canvassing board to recanvass returns and exclude from the count certain votes because cast and returned under a law that is claimed to be unconstitutional, since the determination of such question is not a duty imposed on the board, nor within its power.

Original proceeding in mandamus.  Opinion filed December 6, 1902.  Peremptory writ denied.

*Henry Elliston,* and *Garver & Larimer,* for plaintiff.

*B. P. Waggener,* for defendants.

The opinion of the court was delivered by

GREENE, J. :  This is an application for a peremptory writ of mandamus.  The plaintiff and Peter T. Laughlin were opposing candidates for the office of representative in the third representative district, comprising part of Atchison county.  After the election the board of county commissioners met at the office of the county clerk and opened and canvassed the several election returns made to that office.  It was thus ascertained that of the votes cast at such election in the territorial limits of the representative district plaintiff had re-

ceived a majority.   There were, however, votes cast outside the district by persons who were residents and legal voters of the district, who were, on the day of the election, absent from the district engaged in railway services, which, when counted, gave to Peter T. Laughlin a majority of the total votes cast by the electors of the district.   The votes cast outside the district by persons engaged in the railway service, under the provisions of chapter 180, Laws of 1901 (Gen. Stat. 1901, §§ 2771–2777), were in all respects cast and returned in conformity with the provisions of that chapter.   The entire vote cast and returned was canvassed by the board of county commissioners and the clerk made out an abstract thereof and forwarded a certified copy to the secretary of state.

It is claimed by the plaintiff that chapter 180, Laws of 1901, which authorizes railway employees to vote at a place outside their voting precinct, is unconstitutional and void, and such votes should not have been counted.   It is sought by this proceeding to have the board of county commissioners and the clerk reconvene and recanvass this vote, and to exclude from their consideration the votes so cast outside the election district, and to certify the result thereof to the secretary of state.   A determination of the questions requires, first, an examination of the duties imposed by law upon the canvassing board, and, second, the office of a writ of mandamus.

Section 2587, General Statutes of 1901, reads :

"On the Friday next following the election, the county clerk and the commissioners of the county, or a majority of said commissioners, at ten o'clock A. M. of said day, shall meet at the office of said county clerk, and shall proceed to open the several returns which shall have been made to that office ; and said commissioners shall determine the persons who have

received the greatest number of votes in the county for the several county, district and state officers, and members of the senate and house of representatives, representative in congress, and electors of president and vice-president of the United States. . . ."

Section 2590 reads:

"As soon as the commissioners aforesaid shall have determined the persons who have received the highest number of votes for any office, the county clerk shall make out abstracts of the votes in the following manner: . . . Third, the abstract of votes for member or members of the senate and house of representatives on one sheet. . . . Which abstracts, being certified and signed by the county clerk, shall be deposited in his office, and certified copies of abstracts, numbered . . . three . . . (when said officers have been voted for at said election), under the official seal of said clerk, and shall be placed in separate envelopes, indorsed, and directed to the secretary of state, and forwarded immediately to the seat of government, by mail. . . ."

The only duty imposed by this statute on the board of canvassers is to open the returns, determine their regularity and genuineness, make the footings, and declare the result. In case of the election of a representative or state officer, it is then the duty of the clerk to make and certify an abstract of the votes to the secretary of state. Such duties are so manifestly ministerial as to make elaboration useless.

In *Brown v. Comm'rs of Rush Co.*, 38 Kan. 436, 439, 17 Pac. 304, it was said:

"Where it is once determined that the returns are genuine, the board has no further right to investigate and declare which of the votes are illegal and fraudulent. The board must count the votes as it finds them. Its duties are simply ministerial—to declare the result from the returns so made."

In *Lewis v. Comm'rs of Marshall Co.*, 16 Kan. 102, 22 Am. Rep. 275, it was said :

"Where returns are regular in form, and genuine, a canvassing board may not reject and refuse to canvass them on the ground that illegal votes had been received, or other frauds and irregularities practiced at the election.   Such matters are to be inquired into by a tribunal for contesting elections, or in *quo warranto* proceedings."

It is not, therefore, the duty nor within the power of the board of county commissioners to pass on the validity of the votes sought to be excluded, or to declare the law under which they were cast valid or invalid.   However, there is no contention that there were any irregularities in the manner in which the votes were cast or the returns made, or as to the genuineness of such returns.   If, therefore, it was not within the power of the board to pass on or determine the constitutionality of the law in question, or to exclude votes because, in its judgment, the law under which they were cast is unconstitutional, can this court by mandamus confer on it power not otherwise possessed, or create a new duty and enforce its performance ?

Section 5184, General Statutes of 1901, reads :

"The writ of mandamus may be issued by the supreme court  .  .  .  to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty resulting from an office, trust, or station.  .  .  ."

It will be observed that it is not the office of mandamus to confer power or impose duty, or to enlarge duties already imposed.   It imposes no duty beyond what the law imposes.   Its only office is to command the exercise of a power already possessed, or to perform a duty already imposed ; to compel a body or

person to whom it is directed to perform some act which the law has already enjoined as a duty.

In *The United States, ex rel. Ranger, v. The City of New Orleans*, 2 Wood, 230, Fed. Cas. No. 15,871, the court said :

"The purpose of the writ of mandamus is to enforce, not to create, legal duties. It will not issue to compel officers of municipal corporations to levy and collect a tax unless the legislature has, either expressly or by implication, made it the duty of such officers to levy and collect such tax."

In *The United States, ex rel., v. Labette County*, 2 McCr. 25, 7 Fed. 318, it was said :

"The office of the writ of mandamus, when addressed to a public officer, is only to compel him to exercise such functions as the law confers upon him ; and if it assumes to go further and order him to do that which by law he has no power to do, it is so far void."

This question has heretofore challenged the attention of this court. In *The State, ex rel., v. Comm'rs of Kearny Co.*, 42 Kan. 739, 747, 22 Pac. 735, this court said :

"Mandamus will not lie to compel an officer to do an act which without its command it would not have been lawful for him to do."

In *Rosenthal v. State Board of Canvassers*, 50 Kan. 129, 135, 32 Pac. 129, 19 L. R. A. 157, the court said :

"It is well settled that the duties of canvassing officers are purely ministerial, and extend only to the counting up of the votes and awarding the certificate to the person having the highest number. They have no judicial power."

In this same case the court quoted approvingly from *Luce v. Mayhew*, 13 Gray, 83, as follows :

"They are not made a judicial tribunal, nor author-

ized to decide upon the validity or the fact of the election, in any other mode than by an examination of 'the returns' made to them according to law.   They are not required or authorized to hear witnesses or weigh evidence.   They have no power to send for persons or papers.   If one result appears upon the returns, and another is the real truth of the case, they can only act upon the former.   If they have done their duty, the remedy of the person actually elected to the office is not to be sought in a mandamus.   This court has no power to direct public officers to do any more than their duty, or anything different from their duty."

It not being one of the duties, nor within the power of the canvassing board, to determine the constitutionalty of the law in question, mandamus will not lie to require it to make such determination.

The application is denied.

All the Justices concurring.