Davis v. Jewett.

---

JOHN W. DAVIS v. NELLIE JEWETT.
No. 13,720.  (77 Pac. 704.)

SYLLABUS BY THE COURT.

SCHOOLS AND SCHOOL DISTRICTS — *Mandamus to Compel Director to Sign a Warrant.*  A proceeding in mandamus cannot be maintained against the director of a school district to compel him to sign a warrant drawn by the clerk on the treasurer for a teacher's salary when there is a controversy over the right of the teacher to compensation, and when the director has not been ordered by a district meeting or the district board to sign the warrant.

Error from Johnson district court; W. H. SHELDON, judge.  Opinion filed July 7, 1904.  Reversed.

*J. W. Parker*, for plaintiff in error.
*I. O. Pickering*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Nellie Jewett, defendant in error, entered into a written contract with school district No. 75, in Johnson county, to teach for a term of seven months, beginning on September 16, 1901, at a monthly salary of forty dollars. The contract contained this proviso: "In case said teacher fails to give satisfaction to a majority of board at end of any month, shall be legally dismissed from school, then said teacher shall not be entitled to compensation from and after such dismissal." John W. Davis, plaintiff in error, was director of the school district, C. E. Jewett, clerk, and Mollie E. Watson, treasurer. On January 3, 1902, a written notice was served on Miss Jewett, signed by the director and treasurer, informing her that she had failed to give satisfaction to a majority of the board and notifying her to quit and vacate the school on January 14, 1902, the end of the school month. On the date last mentioned the schoolhouse was locked with a padlock, but the teacher gained entrance to the building and continued to teach therein. The controversy was over the non-payment of salary for three months' service, following the order of dismissal mentioned. Defendant in error was plaintiff below, and brought this proceeding in mandamus to compel Davis, the director of the school district, to sign two warrants, aggregating $120, which had been theretofore drawn on the treasurer by the clerk in her favor, and signed by the latter. A peremptory writ was awarded by the court below. The director, Davis, has come here by proceedings in error.

The answer and return of defendant below alleged that the teacher's discharge on January 3, 1902, was on account of her inability to govern the pupils, for

lack of ability to teach them, and because she failed
to give satisfaction to a majority of the board. It set
out the resolution to that effect, adopted by the board.
We are clear that plaintiff below mistook her remedy.
There appears in the proceedings and proof to have
been a *bona fide* question raised by defendant below
respecting the liability of the school district for the
three months' unpaid wages of the teacher. Man-
damus is one of the extraordinary remedies. The
writ may issue only in cases "to compel the perform-
ance of any act which the law specifically enjoins as
a duty resulting from an office, trust, or station," but
"it cannot control judicial discretion.", (Gen. Stat.
1901, § 5184.) Again, "this writ may not be issued
in any case where there is a plain and adequate rem-
edy in the ordinary course of the law." (§ 5185.)

It seems that the court below tried the question of
the liability of the school district under the contract
of employment. The plaintiff below had no judgment
against the district. Her right to recover was re-
sisted because the board asserted the legal right to
terminate the contract at the time it did so by virtue
of the conditions contained in it. Plaintiff had a
plain and adequate remedy at law by action on the con-
tract to recover what she claimed was due. In such
action the district might demand of right a trial by
jury, which it could not in a mandamus proceeding.
The following cases deny the right of a party to re-
sort to the extraordinary remedy of mandamus in such
instances : *Elsbree, Relator, v. Bridgeman*, 8 Kan. 458 ;
*The State, ex rel., v. Hannon, Mayor*, 38 id. 593, 17
Pac. 185 ; *Cassatt v. Comm'rs of Barber Co.*, 39 id. 505,
18 Pac. 517 ; *Swartz v. Large*, 47 id. 304, 27 Pac. 993 ;
*State v. Merrell*, 43 Neb. 575, 61 N. W. 754.

It is the duty of a director of a school district to

sign all orders drawn by the clerk on the treasurer when they are ordered drawn by a district meeting or the district board. (Gen. Stat. 1901, § 6162.) No such authority was shown to have been given by the board to the director, Davis, to sign the school warrants in favor of Miss Jewett, and, in the absence of such authorization, it would have been a clear violation of duty on his part to do so.

In *Sharpless v. Buckles*, 65 Kan. 838, 70 Pac. 886, it was held :

"The only purpose of a writ of mandamus is to require the person to whom it is issued to perform some act which the law enjoins as a duty. The writ itself confers no power and creates no duty, and its only office is to command the exercise of a power already possessed or the performance of a duty already imposed."

In High on Extraordinary Legal Remedies (3d ed.), section 341, it is said :

"In conformity with the general rule, it is held that mandamus will not lie to municipal authorities requiring them to pay salaries which are due from the corporation to its officers, a salary being regarded as an indebtedness of the corporation which may be enforced by an action of assumpsit or by an action on the case for neglect of corporate duty, and mandamus is not designed as a remedy for the collection of debts."

The judgment of the court below is reversed, with directions to proceed further in accordance with this opinion.

All the Justices concurring.