### UNITED STATES ex rel. McDONALD et al. v. LANE, Secretary of the Interior, et al.

(Court of Appeals of District of Columbia. Submitted January 6, 1920. Decided February 2, 1920.)

#### No. 3311.

1. PUBLIC LANDS ⬾110—PROTEST AND CONTESTS REDUCED TO CONCRETE CASE WITHIN TWO-YEAR PERIOD, BUT TRIED LATER, HELD A "PENDING CONTEST OR PROTEST," PREVENTING ISSUANCE OF PATENT.

Act March 3, 1891, § 7 (Comp. St. § 5113), entitling public land entrymen to patents two years after issuance of a receiver's receipt, if there is no "pending contest or protest," does not require issuance of a patent, where a protest and two contests were resolved into a single concrete protest by the government within the two-year period, although the case was not tried until later.

2. MANDAMUS ⬾71—INVESTIGATION OF FACTS AND INTERPRETATION OF STATUTE ALLOWABLE TO DETERMINE WHETHER ACT IS MINISTERIAL OR JURISDICTION HAS BEEN EXCEEDED.

While mandamus will not issue for the correction of an error, it may be necessary to investigate the facts and interpret a statute, to determine whether an official was called upon to perform a ministerial act prescribed by statute, or whether he had exceeded his jurisdiction.

Appeal from the Supreme Court of the District of Columbia.

Mandamus proceeding by the United States, on the relation of Dan C. McDonald and others, against Franklin K. Lane, Secretary of the Interior, and Clay Tallman, Commissioner of the General Land Office. From a judgment dismissing the petition, relators appeal. Affirmed.

---

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. V. Hayden and Chas. R. Pierce, both of Washington, D. C., for appellants.

C. D. Mahaffie and C. E. Wright, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Appellants, hereafter referred to as relators, appeal from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of mandamus.

It appears that one John H. McDonald, the father of relators, made settlement on a quarter section of land in the state of Washington in 1901. Final proof was made in the local land office, and a final receipt issued September 1, 1909. On August 9, 1909, one Odell filed an affidavit of protest against the granting of a final receipt, charging, among other things, that a portion of the land had been occupied for townsite purposes before and during McDonald's settlement and entry. It was noted by the local officials that the final receipt was issued "over the attached protest." On the same grounds an affidavit of contest was filed by one Kohrdt on May 13, 1910, and an affidavit of contest by one Potter and others on May 17, 1910.

McDonald moved to dismiss the protest and contests, but the motion was denied by the Secretary of the Interior on October 20, 1910, at which time he ordered an investigation to be made by a special agent. This investigation resulted in a report by the Chief of Field Division June 19, 1911, reducing the charges to four counts, which he recommended that McDonald should be required to answer. The four counts were based upon the charges contained in the Odell protest and the Kohrdt and Potter contests.

By order of the Commissioner of the General Land Office of November 20, 1911, a formal hearing was had on the charges preferred, at which McDonald appeared with witnesses and was heard. Accordingly a finding was made by the officers of the local land office, sustaining the charges and recommending the cancellation of the entry as to 40 acres of the land and the issue of patent to McDonald for the remaining 120 acres. This was affirmed by the Commissioner of the General Land Office, whose judgment was, in turn, affirmed by the Secretary of the Interior. On November 5, 1914, McDonald petitioned for a rehearing and review of the Secretary's decision. The petition was denied and this proceeding was brought.

[1] The case turns upon the interpretation of the proviso to section 7 of the act of Congress of March 3, 1891 (26 Stat. 1095, 1099 [Comp. St. § 5113]), as follows:

"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him; but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuing of a patent therefor."

Just what constitutes a "pending contest or protest" has been the subject of considerable controversy in the Interior Department. In the

Case of Jacob A. Harris, 42 L. D. 611, the Secretary, reviewing at length the departmental decisions bearing upon the above proviso, defined its object as follows:

"Upon mature consideration, the department is convinced that a contest or protest, to defeat the confirmatory effect of the proviso, must be a proceeding sufficient in itself to place the entryman on his defense or to require of him a showing of material fact when served with notice thereof."

This language was quoted with approval in Hoglund v. Lane, 44 App. D. C. 310, 314, and on appeal in Lane v. Hoglund, 244 U. S. 174, 180, 37 Sup. Ct. 558, 61 L. Ed. 1066.

Applying this rule to the present case, we find that at the expiration of two years from the issuance of the final receipt—September 1, 1909 —there was pending one protest and two contests which had been reduced to four specific charges. It is not important that the case thus formulated had resolved itself into a protest by the government, rather than a contest or protest between individual claimants, or that the case was not brought to trial until more than two months after the expiration of the two-year limitation, since the case upon which the government relied, and to which McDonald finally responded by answer and defense, was in fact pending at the expiration of the two-year period. Not only did McDonald have notice of the protest and contests, but he had appeared and sought their dismissal. He also had notice of the proceedings which resulted in the reduction of the protest and contests into a concrete case, which, as we have observed, was pending at the expiration of the two-year period, and which was tried shortly thereafter. In these proceedings the limitation of the statute was not invoked by the contestee. Clearly the bar of the statute has no application to the present case. The action here was specific, and directed against the entry, and not, as in the Hoglund Case, a mere suggestion of the propriety of such an action.

[2] It is unnecessary to answer the more difficult question, raised by counsel for the government, to the effect that, the Secretary having determined that a contest or protest was pending at the expiration of the two-year period, the court is estopped in mandamus to inquire into the merits of the case to determine the correctness of his conclusion. It is elementary that mandamus will not lie for the correction of error, but inquiry into the facts of a given case, for the purpose of ascertaining whether the Secretary was called upon to perform a mere ministerial act prescribed by statute, or whether in the act complained of he exceeded his jurisdiction, is always open to the courts. To this extent both investigation of the facts and interpretation of the statute may be necessary.

The judgment is affirmed, with costs.

Affirmed.