## KATSH v. RAFFERTY, Collector of Internal Revenue.

(District Court, E. D. New York. January 6, 1926.)

No. 2689.

1. Pleading ⬅️360(4)—Motion to strike answer as sham and frivolous need not be considered, where on return day amended answer directly raising issues of fact was served by leave of court.

Motion to strike answer as sham and frivolous need not be considered, where defendant on return day obtained leave to serve, and did serve, amended answer directly raising issues of fact.

2. Mandamus ⬅️10.

No mandamus, either in alternative or peremptory form, will be granted, unless petition shows clear legal right to it.

3. Mandamus ⬅️176.

Petitioner must establish right to writ or fail altogether, although prayer is for other relief as may seem proper.

4. Mandamus ⬅️176—Such part of writ of mandamus as commands performance of duties by public officer beyond his lawful powers is void.

Only purpose of writ of mandamus addressed to public officer is to compel him to exercise functions conferred on him by law, and such part of mandate of writ as enjoins performance of duties he has no power to perform is void.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mandamus.]

5. Mandamus ⬅️12.

Mandamus will not issue for correction of an error.

6. Mandamus ⬅️14(3).

Office of mandamus is to compel performance of duty only after actual default, and not in anticipation of omission of duty.

7. **Mandamus** ⊄⇒71—**Mandamus will issue to compel executive officer to perform ministerial act required by statute, although refusal is based on erroneous construction by him of statute.**

Mandamus will issue to compel executive officer to perform ministerial act required of him by statute, even though his refusal to perform act is based on erroneous construction by him of statute.

8. **Mandamus** ⊄⇒7.

Mandamus is extraordinary writ, awarded, not as matter of right, but in exercise of sound judicial discretion.

9. **Mandamus** ⊄⇒73(1)—**Mandamus will not lie to compel collector of internal revenue to withdraw letter asserting tax lien, since, if lien does not exist, collector has no duty in relation thereto, and, if it exists, collector has no power to discharge it without special statutory authority.**

Where collector of internal revenue had written letter to insurance company purporting to levy on proceeds of insurance policy, mandamus by assignee of insured's claim would not lie to compel withdrawal of letter, since, if lien did not legally exist, letter was nullity, and collector had no duty in relation thereto, and, if lien did exist, then collector had no power to cancel and discharge such lien, since lien was not in favor of collector, but of United States.

10. **Mandamus** ⊄⇒12—**In absence of special statutory authority, mandamus only lies to compel one to do what should be done in discharge of public duty, and not to undo that improperly done, even though under color of performance of public duty.**

Mandamus only lies to compel one to do what ought to be done in discharge of public duty, and not to undo what is improperly done, even though done under color of performance of public duty.

11. **Mandamus** ⊄⇒3(1).

Mandamus may be refused, if moving party has adequate remedy.

12. **Mandamus** ⊄⇒3(4) —**If internal revenue collector, by writing letter to insurance company asserting lien on proceeds of insurance claim, exceeded authority, remedy by suit for damages, or payment of tax and suit for recovery, is adequate, and precludes mandamus to force collector to cancel levy, whether injunction is available or not. (Rev. St. § 3224 [Comp. St. § 5947]).**

If collector of internal revenue, by writing letter to insurance company asserting lien on proceeds of insurance, exceeded his authority, and assignee of insurance claim thereby suffered injury, it was simply loss of money, for which remedy by suit for damages, or payment of tax and suit for its recovery, would be adequate, if injunction, because of Rev. St. § 3224 (Comp. St. § 5947), would not lie, and hence mandamus will not lie to force collector to cancel and withdraw such levy.

At Law. Action by Joseph Katsh against John T. Rafferty, United States Collector of Internal Revenue for the First District of New York. On motion for an order striking out defendant's answer, and for a writ of mandamus directing and compelling defendant to cancel and withdraw a certain letter purporting to assert a lien, and to seize and levy on proceeds of an insurance policy issued to plaintiff's assignor. Motion denied.

Harry L. Kreeger, of New York City, for petitioner.

William A. DeGroot, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walzer, Asst. U. S. Atty., of New York City.

CAMPBELL, District Judge. This is a motion for an order striking out the defendant's answer, on the grounds that it is sham and frivolous, and interposed in bad faith, and for a writ of mandamus directing and compelling John T. Rafferty, United States collector of internal revenue for the First district of New York, to cancel and withdraw a certain letter written by the said John T. Rafferty to the Fidelity & Deposit Company of Maryland, on the 18th day of June, 1924, which said letter purports to assert a lien and to seize and levy upon the proceeds of an insurance policy issued by the Fidelity & Deposit Company of Maryland to Rose Gross, and for such other, further, and different relief as to the court may seem just and proper in the premises.

[1] The defendant, on the return day of this motion, obtained leave to serve, and has served, an amended answer, which directly raises issues of fact, and is in no sense sham or frivolous; therefore no further consideration need be paid to that branch of the motion. The letter which plaintiff seeks to have canceled and withdrawn reads as follows:

"Treasury Department, Internal Revenue Service.

"Brooklyn, N. Y. C., June 18, 1924.

"Fidelity & Deposit Co., 107 Liberty Street, New York, N. Y.—Gentlemen: You are hereby notified that there is now due, owing, and unpaid by A. R. Gross and Rose Gross to the United States of America internal revenue taxes in the amount of $50,653.25. You are hereby further notified that all properties and rights, titles, and interest to claim offered by A. R. Gross and Rose Gross, in connection with the theft of jewelry, are hereby seized and levied upon for the payment of the aforesaid taxes, together with interest and penalties.

"Respectfully, [Signed]
"John T. Rafferty,
"GE:HA                    Collector."

The defendant claims that an income tax is due and owing from A. R. Gross and Rose Gross for the calendar year 1920 in the sum of $16,688.38, and for the calendar year 1921 in the sum of $33,964.89, and that the same has not been paid. The return for 1920 was filed by A. R. Gross, and purported to be a joint return for husband and wife, and the return for 1921 was filed by the defendant, after examining the said Rose Gross and A. R. Gross, and, although the return was against the name of A. R. Gross, it was stated in answer to the question therein contained that it was a joint return of husband and wife. The name of Rose Gross subsequently was placed formally upon the assessment list.

The said Rose Gross contends that she never had any taxable income, and that the assessment list of the office of the collector of internal revenue of the First New York district, at Brooklyn, makes no mention of her in any manner whatsoever; that no notice of assessment was ever sent to her, nor was any demand for payment made at any time; and that at no time subsequent to the assessment of taxes against Albert R. Gross has said Albert R. Gross turned over to her any property or assets of any nature whatsoever.

Rose Gross has filed a claim with and instituted legal action against the Fidelity & Deposit Company of Maryland, in the Supreme Court of the state of New York, to recover on a policy of insurance for jewelry belonging to said Rose Gross, which had been stolen. Negotiations have been had, and the said company has made a definite offer of settlement pending the outcome of this motion. An assignment of the settlement to the extent of $1,000 has been made to the plaintiff. The said Rose Gross contends that said assignment was made in good faith and for an actual indebtedness.

[2] From the contentions of the parties it is clear that there are issues as to the origin of the tax, nature of the tax, and the validity of the assessment list, and no clear legal right to a mandamus is shown, even if one could be granted, as asked for herein, and no mandamus, either in the alternative or peremptory form, will be granted, unless a petitioner shows a clear legal right to the same. Cullen v. N. Y. Telephone Co., 106 App. Div. 250, 94 N. Y. S. 290; Bayard v. United States ex rel. White, 127 U. S. 246, 250, 8 S. Ct. 1223, 32 L. Ed. 116; Ex parte Hughes, 114 U. S. 147, 5 S. Ct. 823, 29 L. Ed. 134.

[3] This proceeding is instituted for the purpose of securing a writ of mandamus, and although there is a prayer for such other, further, or different relief as to the court may seem just and proper, nevertheless the petitioner must establish the right to mandamus as such or else fail altogether in this proceeding. People v. Cady, 2 Hun (N. Y.) 224; People v. Green, 64 Barb. (N. Y.) 162. The plaintiff contends that the sending of the letter in question by the collector did not constitute a legal levy and seizure, because no tax had been legally assessed against Rose Gross.

If this be true, then the attempted levy and seizure would be ineffective; but in the face of this claim the plaintiff asks this court to mandamus the collector to cancel and withdraw a letter which he claims has no binding legal effect. If the tax was a lien, and the notice served to establish a lien on the claim against said company, or the money to be paid thereon, then such lien was not a lien in favor of the collector, but by the express terms of the statute was in favor of the United States, and I have found no statute which gives the collector the power to cancel or discharge such lien, except on payment of the amount thereof, nor has any such statute been pointed out by plaintiff.

[4] The only purpose of the writ of mandamus, when addressed to a public officer, is to compel him to exercise such functions as the law confers upon him, and such part of the mandate of the writ as enjoins the performance of duties he has under the law no power to perform, is void. United States v. Labette County (C. C.) 7 F. 318.

[5, 6] Mandamus will not issue for the correction of an error. United States v. Lane, 49 App. D. C. 234, 263 F. 630. The office of mandamus is to compel the performance of a plain and positive duty, only after actual default, and not in anticipation of an omission of duty, the remedy for threatened violation of a duty entailing an injury for which the law gives no adequate compensation being an injunction. North Carolina Public Service Co. v. Southern P. Co., 282 F. 837, 33 A. L. R. 626, certiorari granted, Southern Power Co. v. North Carolina Public Service Co., 260 U. S. 716, 43 S. Ct. 94, 67 L. Ed. 478, and writ dismissed, 263 U. S. 508, 44 S. Ct. 164, 68 L. Ed. 413.

[7] Mandamus will issue to compel an executive officer to perform a ministerial act required of him by statute, even though his refusal to perform the act is based on an erroneous construction by him of a statute. United States ex rel. McAlester-Edwards Coal Co. v. Fall, 51 App. D. C. 171, 277 F. 573.

[8] Mandamus is an extraordinary writ, which is awarded, not as a matter of right, but in the exercise of sound judicial discretion, and, although classed as a legal remedy, is largely controlled by equitable principles. Ex parte Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912.

[9] It is thus apparent that it must be shown that the defendant is under a plain and positive duty to cancel and withdraw said letter before a writ of mandamus can be granted; but, as we have seen, if no lien legally existed, then such letter was a nullity, and the defendant had no duty in relation to it, whereas, if a legal lien existed, then no power on the part of the collector to cancel and discharge such lien has been shown.

[10, 11] In the absence of special statutory authority, mandamus only lies to compel one to do what ought to be done in the discharge of a public duty, and not to undo what is improperly done, even though it may have been done under the color of performance of public duty. People ex rel. Gow v. Bingham, 57 Misc. Rep. 66, at p. 75, 107 N. Y. S. 1011. No citation of authority is required to show that mandamus may be refused, if the moving party has any adequate remedy.

[12] If the defendant has exceeded his authority, and plaintiff has suffered any injury, it has been simply a loss of money, which can be amply compensated by money damages, which may be recovered by an appropriate action.

The plaintiff, to support its contention that mandamus is the proper remedy, cites Long v. Rasmussen (D. C.) 281 F. 236, and Pool v. Walsh (C. C. A.) 282 F. 620; but in both of the cases cited the relief granted was not by mandamus, but by injunction, and, without determining the effect of section 3224 of the Revised Statutes (Comp. St. § 5947), it can safely be said that, if injunctive relief cannot be granted because of that section, then relief by mandamus cannot be granted; and if any relief, other than by an action to recover damages against the defendant, or an action to recover the money after the tax has been paid, can be obtained, then the relief would be by injunction to restrain further action under the seizure and levy, and not to require the collector by mandamus to perform an act which it has not been shown he has any authority to perform, to wit, the cancellation of whatever lien the United States may have established upon said claim, or the money to be given in payment of the same.

The plaintiff has mistaken his remedy, as

I can find no authority for directing the defendant, by mandamus, to perform the act requested, nor for his performance of such act, and further because, as has hereinbefore been shown, the plaintiff has other adequate remedy.

The motion is denied.