## BAYARD *v.* UNITED STATES *ex rel.* WHITE.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 938. Argued October 11, 12, 1887. — Decided April 30, 1888.

In answer to a petition for a writ of mandamus to be issued to the Secretary of State to compel him to pay to the petitioner part of an award made by the Mexican claims commission, the Secretary set up that he could not recognize the claim of the petitioner without ignoring the conflicting claim of another person, between whom and the petitioner litigation in respect to the award was then, and had for a long time, been pending. On demurrer to the answer: *Held*, that it was sufficient.

The Secretary, in view of the litigation, was not bound to decide between the conflicting claims.

Whether it was a good answer to the petition, that the Secretary was not invested with authority over the money independently of the President, and that it was the opinion of the President that the public interest forbade the making of payments to the petitioner, in the condition of things set forth in the answer, *quære.*

THIS was an application for a mandamus against the Secretary of State directing him to pay to the relator certain moneys received by him, as awards, from the Republic of Mexico. The court below ordered the writ to issue, to review which judgment this writ of error was sued out. The case is stated in the opinion.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. Stephen V. White* defendant in error in person.

*Mr. W. Hallett Phillips* filed a brief for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a writ of error to the Supreme Court of the District of Columbia, brought by Thomas F. Bayard, Secretary of State of the United States, to reverse a judgment rendered

by that court, in general term, on the 7th of March, 1887, awarding to Stephen V. White a writ of mandamus, commanding the Secretary to pay to White certain sums of money, specifically on hand, computed and set apart by the proper auditing officer of the State Department, on account of certain awards mentioned in the petition for the mandamus, namely, on account of the Conrow award, $1806.06; on account of the Standish award, $1519.55; and on account of the Parsons award, $1817.92.

The petition of White, which was filed April 23, 1886, sets forth that, under the joint convention between the United States and Mexico, concluded July 4, 1868, 15 Stat. 679, such proceedings were had that an award was made to Mary Ann Conrow for $50,497.26, another to S. Kearney Parsons for $50,828.76, and another to Sarah Mildred Standish for $42,486.30; that, before the payment of any part of the awards, White became the assignee of one-half of each of them; that the Department of State had recognized White as such assignee, and had paid to him nine instalments hitherto paid by Mexico and distributed by the Secretary of State; that on the 31st of January, 1886, a tenth instalment was paid by Mexico to the defendant, as Secretary of State of the United States, and he had made a ratable distribution of it, having paid other claimants, and especially Parsons and Conrow and Standish, the moieties which they had not assigned to White; that by the first section of the act of June 18, 1878, chapter 262, 20 Stat. 144, it was made the duty of the Secretary to ratably apportion and pay to the claimants or their assigns each instalment of money when received from Mexico; that of the tenth instalment there was due to White, on account of the Conrow award, $1806.06, on account of the Standish award, $1519.55, and on account of the Parsons award, $1817.92, which sums were specifically on hand, and the amounts had been computed and set apart by the proper auditing officers of the State Department, but the defendant refused to pay to White those sums of money.

The material provisions of the joint convention referred to and of the act of June 18, 1878, are set forth in the case of *Porter* v. *White* (*ante,* p. 235).

The answer of the Secretary of State to the petition is as follows: "This respondent, answering, saith, that it is true that awards were made by the commission established by the treaty between the United States and Mexico of the 4th of July, 1868, for the amounts and in favor of the parties named in the said petition, and this respondent is advised that the said relator, Stephen V. White, doth claim an interest in the one-half part of each of the said awards, and this respondent doth admit that the rights and interests claimed by said White as aforesaid were recognized by one, although not recognized by another, of the predecessors of this respondent, and payments made to him accordingly, but this respondent saith that he finds it impossible, as the matter now stands, to recognize the claims and pretensions of the said White to the moieties of the said awards, without ignoring the conflicting claims and pretensions of a certain Richard H. Porter, between whom and the said White litigation in respect to the said awards is now and for a long time has been pending. And this respondent further saith, that he hath always been, and is now, willing to pay whatever sum or sums may be due on the said moieties, out of moneys received, under the said treaty, from the Republic of Mexico, on an order and acquittance signed by all the rival claimants of the said moieties, which your respondent respectfully submits is as much as could be done by him without embroiling the United States in a litigation in which it has no interest whatever. And this respondent, further answering, saith that the several sums of money mentioned in said petition, and claimed to be due and payable to the relator, are held by him subject to the order and control of the President of the United States, and are disposable by this respondent at the discretion of the President only, and that, as this respondent is advised and believes, there is no law, as hath been mistakenly supposed by the said relator, by which this respondent is invested with authority over the said sum of money independent of the President of the United States; and, it being the opinion of the President that the public interests forbid the making of payments to the said relator in the present condition of things, as herein-

before set forth, this respondent submits that he is not subject to the process of mandamus in the premises, and he, therefore, prays that he may be discharged from the said rule, with his proper costs in this behalf sustained."

To this answer White demurred, assigning, in the demurrer, the following reasons for the insufficiency of the answer: "1. It does not deny that the relator, S. V. White, is assignee of the moieties of the awards in controversy. 2. The President did not have any supervisory power under the act of June 18, 1878, except in the two cases named in the fifth section thereof, known as the La Abra and the Weil cases." On the hearing of the demurrer, the judgment above mentioned was entered. The opinion of the General Term is reported in 5 Mackey, 428.

We are of the opinion that the demurrer to the answer should have been overruled; that the answer showed sufficient cause for a refusal to issue the writ; and that the petition should have been dismissed.

The answer sets forth that the Secretary of State "finds it impossible, as the matter now stands, to recognize the claims and pretensions of the said White to the moieties of the said awards, without ignoring the conflicting claims and pretensions of a certain Richard H. Porter, between whom and the said White litigation in respect to the said award is now and for a long time has been pending;" and that he has "always been and is now willing to pay whatever sum or sums may be due on the said moieties, out of moneys received, under the said treaty, from the Republic of Mexico, on an order and acquittance signed by all the rival claimants of the said moieties," which he "submits is as much as could be done by him without embroiling the United States in a litigation in which it has no interest whatever." This is adequate ground for a refusal on the part of the Secretary of State to pay the money in question to White. The answer alleges, that the claims and pretensions of Porter to the moieties of the awards conflict with the claims and pretensions of White to the same. This is a sufficient averment that the claims of Porter are of the same character and extent with those of

White. The answer also avers, that litigation in respect to such awards was then pending between White and Porter. This allegation necessarily implies that the litigation was in respect to the conflicting claims of the two parties to the moieties of the awards, inasmuch as the petition states that White is the assignee of one-half of each of the awards. The Secretary of State, in view of such litigation, was not bound to decide between such conflicting claims, after he had notice of them, and that they were in litigation, and when his decision might, perhaps, be a different one from what that of the court would be in the litigation. The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy and the duty sought to be enforced is clear and indisputable. *Knox County* v. *Aspinwall,* 24 How. 377, 383. Both requisites must concur in every case.

It is urged, that the answer to the petition, so far as it refers to the conflicting claims of White and Porter, as a ground for not recognizing the claim of White, is insufficient as a pleading. But no such ground is taken in the demurrer to the answer; and, independently of this. we think that the answer was sufficient.

We express no opinion as to the validity of the second ground of defence set up in the answer, that the Secretary of State is not invested with authority over the moneys in question independently of the President, and that it is the opinion of the President that the public interests forbid the making of payments to White, in the condition of things set forth in the answer.

*The decree of the General Term is reversed, and the case is remanded to the court below, with a direction to dismiss the petition for the writ.*