McCARTY v. UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS, HARRISON DIVISION.

Circuit Court of Appeals, Eighth Circuit. May 10, 1927.

No. 317.

1. Mandamus ⬅12—Object of mandamus is to enforce performance of peremptory and plainly defined duty.

Object of writ of mandamus is to enforce performance of existing duty, which must be both peremptory and plainly defined.

2. Mandamus ⬅14(1)—Mandamus will not lie to compel trial of prosecution against petitioner without previous request for trial.

Mandamus will not lie to compel trial of case against petitioner, who is accused of offense, unless judge is first requested to take steps toward procuring trial of such case.

3. Convicts ⬅5—Prisoner, serving sentence for violating federal law, cannot be denied right to trial for other offenses against United States.

Prisoner, serving sentence for violating law of United States, is not, during such imprisonment, immune from, nor can he be denied right to, trial for other offenses against United States.

4. Criminal law ⬅243—Person serving sentence in federal penitentiary, demanding trial under pending indictment, may be brought to place of trial under statutory procedure (Rev. St. §§ 753, 1014 [Comp. St. §§ 1281, 1674]).

Where person is serving sentence in federal penitentiary in same judicial district where an indictment is pending against him under which he demands trial, writ of habeas corpus ad prosequendum, under Rev. St. § 753 (Comp. St. § 1281), will bring accused to place of trial, and where removal is necessary from one district to another section 1014 (Comp. St. § 1674) may be invoked.

5. Habeas corpus ⬅45(1)—Federal courts may issue every species of writ of habeas corpus (Rev. St. § 751 [Comp. St. § 1279]).

Power conferred by Congress on courts of United States to issue writs of habeas corpus, under Rev. St. § 751 (Comp. St. § 1279), includes every species of such writ.

On Petition for Writ of Mandamus.

Petition for a writ of mandamus by James J. McCarty against the United States District Court for the Western District of Arkansas, Harrison Division. Petition denied.

Before WALTER H. SANBORN, STONE, LEWIS, KENYON, VAN VALKENBURGH, and BOOTH, Circuit Judges.

PER CURIAM. [1] The object of the writ of mandamus is to enforce the performance of an existing duty, not to create a new one. The obligation must be both peremptory and plainly defined. The law must not only authorize the act, but it must require it to be done. Frankel v. Woodrough, 7 F. (2d) 796 (C. C. A. 8).

[2] In reference to the issuance of a writ of mandamus by an appellate court, it was said in the Frankel Case:

"Where a trial court refuses without proper cause to try an action pending therein, appellate jurisdiction is affected and prevented, because such jurisdiction cannot become operative and effective until a final order, judgment, or decree is entered. Therefore, in such instances, the jurisdiction to issue original writs in aid of the appellate jurisdiction exists."

There is nothing in the record here presented, however, to show that the judge of the United States District Court for the Western District of Arkansas has ever been requested to take any steps looking toward the trial of the case against petitioner, or that he knows of the whereabouts of petitioner. Nor does the record show that said judge has had anything to do with preventing petitioner from having a speedy trial, or that said judge has had anything to do with petitioner being deprived of any rights to apply for parole from imprisonment. For these reasons the present petition for a writ of mandamus has been denied. Frankel v. Woodrough, supra; Bayard v. White, 127 U. S. 246, 8 S. Ct. 1223, 32 L. Ed. 116.

In the latter case the court said:

"The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy and the duty sought to be enforced is clear and indisputable. Knox County v. Aspinwall, 24 How. 377, 383 [16 L. Ed. 735]. Both requisites must concur in every case."

[3] However, it does appear from the petition that the petitioner is a citizen of the United States, and is now confined in the penitentiary at Leavenworth, Kan., undergoing sentence for an offense committed against the United States; that an indictment is pending in the Western district of Arkansas against petitioner for another offense against the United States alleged to have been committed by him; and by inference, that petitioner wishes to be speedily tried on this pending indictment. Such being the situation, it may not be amiss to point out that this court has held in Frankel v. Woodrough, supra, that "a prisoner serving sentence for violating a law of the United States is not, during such imprisonment, immune from nor can he be denied the right to trial for other offenses against the United States." The Supreme Court of the United States in the case

of Ponzi v. Fessenden et al., 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879, has approved the practice of allowing a person who is serving a sentence of imprisonment imposed by a federal court to be brought from his place of confinement and to be tried for another offense for which he has been indicted. The procedure in bringing the accused from his place of confinement to the place of trial will doubtless vary according to circumstances; but the trial court, by virtue of its inherent power over its own criminal calendar, is in a position to handle and control the situation.

[4] Where a person is serving a sentence in a federal penitentiary in the same judicial district where an indictment is pending against him under which he demands trial, it would seem that a writ of habeas corpus ad prosequendum under section 753, Revised Statutes (Comp. St. § 1281), would answer; where the removal is necessary from one district to another, section 1014, Revised Statutes (Comp. St. § 1674), might be invoked. See Ponzi v. Fessenden, supra, page 261 (42 S. Ct. 309).

[5] It may be added that the power conferred by Congress upon the courts of the United States to issue writs of habeas corpus (section 751, Revised Statutes [Comp. St. § 1279]), includes every species of that writ. Ex parte Bollman, 4 Cranch, 75, 2 L. Ed. 554; State v. Sullivan (C. C.) 50 F. 593, 598.

We are assuming that a cordial co-operation with the trial court will exist on the part of the Attorney General and the district attorney, either upon simple request or upon formal order to show cause after application has been made by the party seeking a speedy trial.

The foregoing remarks are not to be taken as directions, but merely as suggestions which possibly may aid the trial court in disposing of the present and similar matters.