UNITED STATES ex rel. COLEMAN v. COX, District Judge.

No. 6181.

Circuit Court of Appeals, Fifth Circuit.

March 24, 1931.

Leslie P. Whelan, of Chicago, Ill., for petitioner.

Lester G. Fant, U. S. Atty., of Holly Springs, Miss., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

PER CURIAM.

Relator, a prisoner in the United States Penitentiary at Atlanta, Ga., under a five-year sentence, seeks an order and rule against Judge Allen Cox, United States District Judge for the Northern District of Mississippi, as respondent, to show cause why mandamus should not issue commanding the respondent to act upon his demurrer to, and/or award to him a speedy trial upon, an indictment pending against the defendant in the Northern District of Mississippi, No. 6368 on the docket of said court, charging him with a violation of the internal revenue laws of the United States.

The petition shows by recitations and by documents attached: That on September 1, 1930, relator filed with the clerk of said court a motion for a speedy trial in said cause, praying that the cause be set for trial, and that a writ of habeas corpus ad prosequendum to bring relator to the Northern District of Mississippi to stand trial issue to the Warden of the United States Penitentiary at Atlanta, Ga.

That accompanying the motion was a request that the matter be brought by the clerk to the attention of the court, and that the clerk did advise, "We shall comply with your request and present this motion to Judge Cox at a very early date. The next regular session of court in this division is the first Monday in December."

That on November 26th relator caused to be filed with the clerk a demurrer to the indictment. That thereafter, no action having been taken in the court upon the demurrer, petitioner on January 10, 1930, inquired of the clerk whether the demurrer and motion for speedy trial had been submitted to the court for consideration, and advised the clerk that, unless action was taken in the case, application would be made to this court for a writ of mandamus.

Thereafter no action having been taken in the trial court, this application for mandamus was on March 6, 1931, filed.

To the show cause order issued upon the petition, Judge Cox, the respondent, has now replied, and, while it does not appear from the answer whether the motion and demurrer referred to in relator's application have ever been by the clerk called to the respondent's attention, respondent does make answer that for the reason that at the December term of court, when the case was reached, the defendant was not present, and there was no attorney there to represent him, the case was continued and now stands open upon the docket.

Respondent further answers in effect that respondent is ready at any time, when the matter shall be presented to him in person or by counsel, to pass on the demurrer and to make proper disposition in the premises, but that, because of the absence of the defendant and the fact that the matters have not been presented in person by the defendant or by any solicitor for the defendant, the respondent has had no opportunity to pass on the motion for speedy trial of the indictment.

"The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy, and the duty sought to be enforced is clear and indisputable. Both requisites must concur in every case." Bayard, v. White, 127 U. S. 246, 8 S. Ct. 1223, 1225, 32 L. Ed. 116.

The right guaranteed to a defendant to have a speedy trial is not lost to him or in any substantial way abridged because of his being confined in the penitentiary. Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Frankel v. Woodrough (C. C. A.) 7 F.(2d) 796; McCarty v. U. S. (C. C. A.) 19 F.(2d) 462.

Whatever the form the relief should take, whether through the issuance by the court of indictment of a writ of habeas corpus ad prosequendum under section 753, R. S. (28 USCA § 453), or through removal proceedings under section 1014, R. S. (18 USCA § 591), it is plain that applicant has a right of such substantiality as that no dry or technical standing upon the form of procedure should stand in the way of its granting, which can be easily afforded him through some available form of relief. We do not, however, undertake to suggest the selection by the court of indictment of this form.

The record discloses no opposition on the part of the district attorney to the speedy disposition of the indictment sought, and we assume, as we must, that the court below may count upon the cordial co-operation of the Attorney General and the district attorney to accord petitioner this undoubted right, and that, without further delay, simple and appropriate action will be taken to dispose of

990

the indictment, either by action on the demurrer or by according to petitioner that speedy trial to which he is entitled.

▊ While this is so, we think that the present petition for mandamus should be denied, for the record does not show that either the demurrer or the motion for speedy trial has been brought directly to the attention of respondent either by the clerk of the Court, by counsel, or by the petitioner himself, and that therefore no refusal to act has been shown.

The return of the respondent to the writ indicates that he is of the opinion that no action can be had upon the demurrer or upon the motion for speedy trial, unless the petitioner is present in court at the time of such action, and, in addition, that action cannot be had upon them, unless they are presented to him by petitioner in person or by his counsel.

▊ We do not concur in this view, for, while certainly no final action can be taken in a criminal case against a defendant while he is being detained from the court by action of the government, entirely different considerations control the action on the motion for speedy trial which petitioner filed, as it was in part directed to securing the very thing respondent deemed necessary—the presence of defendant in court. Neither do we see any reason why respondent cannot, at the request of petitioner, consider and pass upon the demurrer in his absence, for the purpose of determining whether the indictment should be dismissed, or whether the necessary action should be taken to bring the prisoner from Atlanta to stand upon it.

It is ordered that the writ of mandamus be denied, but that a copy of this opinion be certified to the District Judge for his information and guidance.