## Ex parte PICKERILL.

### No. 667.

District Court, N. D. Texas, Dallas Division.

April 16, 1942.

Curtis White, of Dallas, Tex., for petitioner.

Clyde G. Hood, Asst. U. S. Atty., of Dallas, Tex., for respondent.

ATWELL, District Judge.

The petitioner was convicted in a Missouri district, and is now confined in the United States Reformatory at Fort Worth, Texas, under sentence.

He asserts that he was entrapped into the commission of the offense, and that he did not receive a "speedy trial."

He does not specifically set forth just the harm that resulted to him by the alleged denial of a "speedy" trial, but he does claim that he was held in jail for a number of months, and that he could have been, and should have been tried earlier. He does not allege that he was demanding a trial, though that is the effect of his allegations.

The Sixth Amendment to the Constitution provides that, "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." The usual method for the enjoyment of the protection afforded by this provision, is to ask for a trial. When one suffers a trial to be postponed, it is rather difficult for a reviewing court to discover any harm that has resulted to such a defendant, unless facts are presented showing harm. Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563. In that particular case, an indictment pended for seven years, but there was nothing to indicate that the defendant sought a trial earlier, and the conviction was not disturbed.

It has been held that one already serving a term may, nevertheless, demand a trial upon another indictment which pends against him, because of this valuable guarantee. United States v. Cox, 5 Cir., 47 F.2d 988; McCarty v. United States District Court, 8 Cir., 19 F.2d 462; United States ex rel. Whitaker v. Henning, 9 Cir., 15 F.2d 760; Beavers v. Haubert, 198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950.

The idea of the provision against an unreasonable delay in trial is not solely a release from imprisonment, in the event of acquittal, but also a release from the harassment of a criminal prosecution, and the anxiety attending the same. Moreover, a long delay may result in the loss of witnesses for the accused, as well as for the prosecution.

The amendment is all-embracing. A prisoner, a convict, one on bond, or, any and every person who is charged with an offense, has a legal right to this speedy settlement of the charge that is asserted against him.

If one does not assert one's right to a trial, he cannot, after being caste,

successfully seek a release on the ground that he was not tried earlier.

The testimony shows that the petitioner was arrested on May 19, 1941; a day or two after that he was taken before the commissioner, to determine whether the petitioner wished a hearing, or was desirous of pleading guilty or not guilty.

He requested a hearing and a few days' continuance was taken in order to give it to him. After that hearing on May 24th, bond was fixed in the sum of $2,500.

He continued in confinement.

He had theretofore been convicted twice for having violated the law within the space of six years; the first in 1935, and another in 1939. A probable reason why he could not give the bond.

The first grand jury coming on after that was about the middle of July. In the meantime, a reputable, and able lawyer was employed to represent him. The case was presented to that grand jury and an indictment returned on July 17th.

Petitioner's counsel filed a motion to quash. That motion was overruled, but an opportunity was given the petitioner to file an application for a bill of particulars, which was done, not within the five days granted, but, because of the illness of the petitioner's attorney, it was somewhat later.

On about September 3rd, two grounds of the bill were granted, and the United States attorney, on or about that date, complied.

One of those grounds was an amplification of the charge in the indictment that the defendant had embezzled funds of the United States. That bill of particulars shows that the funds that he received belonged to the United States Narcotic Bureau, which means the government of the United States, and that those funds were given to him by one of the operatives of that Bureau to purchase narcotics from an alleged illicit dealer.

█ There is no inciting of crime where one is already in a contraband business. He is not incited to engage in that business, if and when a person comes with funds and seeks to buy that which the contraband dealer is selling. That is the situation here. Nor would the defense of entrapment be available to the petitioner as a defense to his own participation.

The bill of particulars shows that the money that was turned over to the petitioner were funds of that sort. He was advised of that in the bill of particulars, and so was the court, and so was the jury. They found that that is the sort of fund it was, and being entrusted with those funds, he embezzled them. He converted them to his own use and benefit.

█ So that the bill of particulars performed an office, as the trial judge saw, which the generality of the indictment made necessary, and which was a protection to the defendant. Of course, he knew he got the money, he knew what it was for. He had knowledge thereof. That he was to go to a contraband dealer to test out, or, to buy from him, is no defense to what he did. That the man who gave him the money did not give his right name, is also immaterial.

█ Thereafter, the case was set down on the first criminal assignment, for September 15th. At that time the petitioner's attorney was ill and requested of the United States Attorney a postponement, which was granted. The case was then put on the next criminal assignment, which was November 17th, and it was actually tried on November 20th and 21st. Ample representation was had.

After the conviction, the petitioner's attorney asked the court to delay sentence a few days so he would have an opportunity to make some observations; this was granted. At that time, the trial judge was asked to take into consideration the time the petitioner had been in jail.

I see nothing in the application, nothing in the assault upon the integrity of the proceedings, nor, in the alleged delay, nothing in the embezzlement, that would justify release.

Petitioner is remanded to the custody of the authorities of the United States Hospital at Fort Worth.