## Commonwealth ex rel. Accobacco *v.* Burke, Warden, Appellant.

Argued March 22, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Franklin E. Barr,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellant.

*Milton S. Leidner,* for appellee.

OPINION BY RHODES, P. J., July 23, 1948:

This is an appeal from the judgment of the Court of Quarter Sessions of Philadelphia County discharging the relator, Dominick Accobacco, from further imprisonment.

At the time of application for writ of habeas corpus, the relator was detained in the Eastern State Penitentiary under a sentence of not less than two nor more than four years at solitary confinement, to be computed from November 12, 1946, imposed by the Court of Oyer & Terminer of Philadelphia County on February 28, 1947, upon bill No. 807, March Term, 1939. The issue is whether or not this sentence was correctly computed to run from November 12, 1946. If this is the correct date, the relator's maximum sentence would run until November 12, 1950; but if, as the court below found, the sentence should have been computed to run from March 14, 1939, he is entitled to immediate discharge, inasmuch as he already has served more than the maximum of four years in the Eastern State Penitentiary.

Relator was arrested on March 14, 1939, and held for trial in the Court of Oyer & Terminer of Philadelphia County. He was indicted upon two bills of indictment (Nos. 807 and 808, March Term, 1939) charging armed robbery. After trial and conviction, the court sentenced him on March 28, 1939, to serve consecutive terms in the Eastern State Penitentiary, computed from March 14, 1939, of four to eight years on bill No. 807, and of ten to twenty years on bill No. 808. On April 1, 1939, the court revoked these sentences, and permitted relator to file a motion for a new trial. Almost three years later, on March 27, 1942, the court acted upon this motion and awarded a new trial. Meanwhile, the relator remained in the Eastern State Penitentiary. On May 22, 1942, while awaiting a new trial, he was removed from the Commonwealth of Pennsylvania to the State of New York by extradition proceedings to answer charges in the latter State; a detainer was delivered with him. After he had been convicted and had served the sentence there imposed, he was returned to Pennsylvania by extradition on November 12, 1946. Then, although he had been awarded

a new trial, the relator withdrew his plea of not guilty and pleaded guilty to bills Nos. 807 and 808 on January 28, 1947, after which the court, on February 28, 1947, imposed the sentence complained of in this proceeding, wherein the term of imprisonment was computed from November 12, 1946.

Computation of the term of imprisonment in this case is governed by the Act of May 28, 1937, P. L. 1036, 19 PS §894 et seq., which provides:

"Section 1. [§894] . . . From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

"Section 2. [§895] The date of commitment referred to in section one of this act, shall be the date of the last commitment for the offense for which the sentence is imposed."

Appellant contends that the lodging of the relator in prison upon his return to Pennsylvania by extradition on November 12, 1946, was the "last commitment," within the meaning of section 2 of the Act of 1937, 19 PS §895, and that November 12, 1946, is therefore the date from which relator's sentence must be computed.

The initial commitment in this case occurred on March 14, 1939, when this relator was arrested and placed in prison in default of bail, there to await trial. Thereafter, he was tried before a jury, convicted, and sentenced. The court, in imposing sentence on March 28, 1939, directed that the sentence run from March

14, 1939, the date on which relator was committed, as required by section 1 of the Act of 1937, 19 PS §894. At no time during the interval extending from March 14, 1939, the date of arrest and commitment, to February 28, 1947, the date upon which the court imposed the sentence now in question, was the relator at liberty, either upon bail or otherwise.

As applied to a person charged with crime who has been imprisoned in default of bail, ordinarily there would be a single "commitment" prior to imposition of sentence, namely, the original commitment to await trial upon the charge. But the accused might, after having been imprisoned to await trial in default of bail, subsequently succeed in obtaining provisional liberty on bail, thus terminating the original period of actual imprisonment. Pursuant to section 8 of the Act of March 31, 1860, P. L. 427, 19 PS §53, the surety might avail himself of the warrant or authority embodied in the bail piece and surrender the accused to the sheriff or jailer for imprisonment in advance of trial. Such action would constitute a subsequent "commitment"; and this "commitment" would mark the commencement of a new period of actual imprisonment.

We think that the proper construction of the Act of 1937, 19 PS §894 et seq., requires us to adopt that meaning of the word "commitment" which will give effect to the Act's manifest purpose or objective. See Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 PS §551. We have had occasion to consider the Act of 1937, 19 PS §894 et seq., in *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 270, 30 A. 2d 347, 350, where we said: "By section 1 of the Act of 1937, 19 PS §894, sentence begins to run and is computed from the date of commitment, in default of bail or otherwise, for the offense on which the convict is sentenced. Thus he is given what is equivalent to a credit on his sentence for the period of actual impris-

onment before imposition of sentence." It is apparent that the legislative purpose of securing to the person convicted after imprisonment in default of bail a credit for actual imprisonment preceding imposition of sentence would be defeated by adopting appellant's construction of the word "commitment." Consequently, we are of the opinion that the expression "last commitment," as used in section 2 of the Act of May 28, 1937, P. L. 1036, 19 PS §895, means that commitment which marks the commencement of the last period of actual imprisonment immediately preceding imposition of final sentence.

In this case, relator's last period of actual imprisonment commenced with the original arrest and commitment on March 14, 1939. It was not broken by any period of provisional liberty, on bail or otherwise. The sole break therein was brought about by the extradition of the relator to New York, and this did not operate to deprive him of credit for actual imprisonment preceding imposition of sentence. In acting upon the application for extradition, the Governor of the Commonwealth of Pennsylvania possessed the discretionary power either to grant the application forthwith or to defer action thereon until the relator had been tried, convicted, sentenced, and completely punished in this Commonwealth before permitting his extradition to New York. Act of July 8, 1941, P. L. 288, §19, 19 PS §191.19. If the Governor had denied the application until after relator had been completely punished in this Commonwealth, the relator unquestionably would have been entitled to credit for so much of the period of actual imprisonment as he would have served up to the time of imposition of sentence. Obviously, it would be contrary to the intent of the Act of 1937, 19 PS §894 et seq., to deprive the relator of this credit merely because the Governor decided to allow the extradition of the relator in advance of his ultimate conviction and sentence in this Commonwealth. Neverthe-

less, it was proper to deduct from the total time of actual imprisonment preceding imposition of final sentence that period of time during which the relator was outside the Commonwealth of Pennsylvania pursuant to the New York extradition proceedings. Sections 1 and 2 of the Act of 1937, 19 PS §§894, 895, make it clear that the period of imprisonment for which credit is to be given must be by reason of "the offense for which said sentence shall be imposed." Whatever confinement the relator underwent in the State of New York was by reason of a separate and distinct offense, and cannot properly be treated as a credit against imprisonment required by law with relation to the offense for which the relator was sentenced in the Court of Oyer & Terminer of Philadelphia County.

Inasmuch as it appears that the relator has actually served the period of time for which he was sentenced, he is entitled to discharge.

Judgment is affirmed; relator is discharged.