## Commonwealth v. Weber

*Huette F. Dowling*, District Attorney, for Commonwealth.

*Raymond F. Weber*, p. p.

NEELY, J., November 14, 1955.—This matter is before us on the motion of defendant in the above mentioned proceedings to quash the indictments charging him with burglary. He filed the proceedings in the court of common pleas in the form of a petiton entitled "Motion to quash Indictment". We have certified the case to the court of oyer and terminer and are herein treating the matter as a motion to quash, for the reason that petitioner himself has so designated this proceeding, and also because the relief

sought, namely the quashing of the indictments, is a matter within the jurisdiction of the court of oyer and terminer.

It is set forth in the petition that defendant in the above proceedings has been incarcerated in the Eastern State Penitentiary at Philadelphia since 1950, and that he is now imprisoned in that institution. Defendant avers that the District Attorney of Dauphin County has lodged at the said penitentiary a detainer so that defendant may be held to answer the charges of burglary now pending in this court. The petition sets forth that as of the date of preparation thereof the "Detainer is (5) Five Years and Approximately (8) Months old", and that the district attorney of this county has made no effort to dispose of the charges of burglary pending in this county. Because of the delay, defendant contends the court has lost jurisdiction over him and the indictments for burglary herein pending must be quashed and he must be discharged.

Defendant alleges that his rights have been violated under article I, sec. 20, of the Constitution of this Commonwealth which relates to the redress of grievances, and also under article I, sec. 11 thereof, which provides that the courts of the Commonwealth shall be open and every man shall have a remedy to redress wrongs. Article I, sec. 9 of our Constitution provides that: "In all criminal prosecutions the accused hath a right to . . . a speedy public trial . . ." Although petitioner does not invoke this latter section, his basic complaint is that there has been a violation of this constitutional provision. He complains also that his rights under the Sixth and Fourteenth Amendments of the Federal Constitution have been violated. The Sixth Amendment is a Federal guarantee of a speedy public trial, and the Fourteenth Amendment, of course, relates to due process. De-

fendant has at no time asked for a jury trial on these pending burglary charges.

The rule clearly is in the Federal courts that one in a penitentiary must demand a trial, otherwise there has been no violation of his constitutional rights. In Worthington v. United States, 1 F. 2d 154 (certiorari denied 266 U. S. 626; 1924), the Seventh Circuit Court of Appeals of Illinois stated the applicable rule as follows:

". . . Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain."

And in Frankel v. Woodrough, 7 F. 2d 796, 798 (1925; CCA 8th Neb.), it is stated:

". . . It is true that one complaining of delay must affirmatively demand his right of trial (Phillips v. United States, 201 F. 259, 262) . . .

". . . The great weight of authority is that imprisonment under sentence does not suspend the right to speedy trial but that either the state or the convict can insist thereon." See also McCarty v. United States District Court for the Western District of Arkansas, Harrison Division, 19 F. 2d 462 (1927; CCA 8th Ark.); United States ex rel. v. Cox, 47 F. 2d 988 (1931; CCA 5th Miss.).

This matter was before this court in re: Application of Brubaker, 68 Dauph. 86 (1955), wherein Judge Kreider in a well considered opinion rendered this court's decision which is adverse to the very contention which defendant advances in this case. Petitioner there, being imprisoned in the Eastern State Penitentiary, filed a petiton entitled "Motion to quash

bills of indictment", wherein he sought to be discharged in criminal cases pending in this court, on the ground that the court had lost jurisdiction over him because of the failure of the district attorney to bring him to trial within the requirements of the two term rule as defined in the Act of March 31, 1860, P. L. 427, §54, 19 PS §781. The motion was dismissed. Judge Kreider, inter alia, citing Commonwealth v. Mitchell, 153 Pa. Superior Ct. 582 (1943), Rouzer Petition, 71 D. & C. 44 (1950), and Commonwealth v. Seevers, 26 D. & C. 344 (1936), pointed out that under the Act of 1860 " 'discharge for want of trial for two terms is a discharge from imprisonment only and not a final release' ".

Defendant here who is imprisoned because of a conviction wholly unrelated to the charges pending in this court does not seek to be discharged from imprisonment on these pending charges, but seeks to be released from the charges because he was not prosecuted. Where a defendant is committed on charges pending against him and is held in prison past the two terms, he then could insist, under the Act of 1860, on discharge from imprisonment. But the act does not apply in this instance where a defendant in cases pending in this court is serving a prison sentence on another conviction wholly unrelated to the pending charges and actually seeks to be discharged from those charges by the quashing of the pending indictments.

Had defendant in the pending cases demanded a jury trial, we are sure that such a trial would have been afforded to him. Since he has made no effort to have his case brought to trial, we conclude that there has been no violation of his rights either under the Federal Constitution, the Constitution of this Commonwealth or the Act of 1860. If defendant desired a speedy trial, it was his duty to demand it regardless

of incarceration. For the foregoing reasons, therefore, we enter the following

*Order*

And now, November 14, 1955, the motion to quash the indictments is herewith dismissed.