## Commonwealth v. Jackson

*Alonzo H. Jackson,* p. p., for petitioner.

*Russell Kowalyshyn,* Assistant District Attorney, contra.

BARTHOLD, P. J., December 1, 1958.—This is the petition of defendant, Alonzo H. Jackson, requesting the court to dismiss two burglary and larceny indictments nos. 50 and 51, February term, 1956, returned against him by a Northampton County grand jury on April 9, 1956.

Defendant is presently serving a term of imprisonment in the New Jersey State Prison Farm at Rah-

way, N. J., for burglaries committed in the State of New Jersey. The district attorney of Northampton County has lodged a detainer so that defendant may be held to answer the above numbered indictments now pending in this court.

Defendant does not demand a trial on the indictments but requests their dismissal on the theory that the court has lost jurisdiction allegedly because the district attorney has made no effort to dispose of them since April 9, 1956.

Defendant's basic complaint is that there has been a violation of both the Federal and State Constitutions guaranteeing a speedy public trial.[1]

The term "speedy trial" is susceptible of no precise definition. The right to a speedy and public trial is necessarily relative. The constitutional right is indisputable but neither the Constitution, the statutes nor decisions indicate any rule for determining when or how the right is invaded nor the manner of its vindication. Accordingly, these matters must depend largely upon the circumstances of each case: Beavers v. Haubert, 198 U. S. 77, 87, 49 L. Ed. 950, 954, 25 S. Ct. 573; Frankel v. Woodrough, 7 F. 2d 796; O'Brien v. United States, 25 F. 2d 90.

"The constitutional and statutory right of one accused of a criminal offense to a 'speedy trial' is a right personal to the accused alone and one in which the state has no special interest, and it has been held without question that he may waive his right in that respect": 129 A. L. R. 574.

The Federal courts have held that one in a penitentiary must demand a trial, otherwise there has been no violation of his constitutional rights. In Worthington v. United States, 1 F. 2d 154 (certiorari denied

---

[1] The Sixth Amendment to the Federal Constitution: Art. I, sec. 9, Constitution of Pennsylvania.

266 U. S. 626), the Seventh Circuit Court of Appeals of Illinois stated: "Defendant's sole reliance was upon the bare fact that the case had not been prosecuted. If the defendant desired a speedy trial, it was his duty to ask for it, and we must assume that it would have been granted, had he made any effort to procure it. His long and uninterrupted acquiescence in the delay bars his right to complain." This statement of the law was approved by our Superior Court in Commonwealth v. Grant, 121 Pa. Superior Ct. 399, at page 406.

In Frankel v. Woodrough, 7 F. 2d 796, 798, it is stated: ". . . It is true that one complaining of delay must affirmatively demand his right of trial. . . . The great weight of authority is that imprisonment under sentence does not suspend the right to speedy trial but that either the state or the convict can insist thereon." See also Phillips v. United States, 201 F. 259, 262; McCarty v. United States District Court for the Western District of Arkansas, Harrison Division, 19 F. 2d 462 (CCA—8th Ark.) ; United States ex rel. Coleman v. Cox, 47 F. 2d 988.

The foregoing decisions enunciate the principle that the accused must go on record as demanding a trial or resisting delay. If he does not do this, he must be held in law to have waived the privilege.

In the case before us defendant requests that the indictments be dismissed. He does not demand his right of trial. The indictments were returned on April 9, 1956. On March 9, 1958, defendant wrote a letter to the district attorney in which he stated: "I have been informed by the Clerk of the New Jersey State Prison, Trenton, New Jersey, that a detainer from your Office has been filed against me. Would like to know what you are going to do about it?" On March 13, 1956, the district attorney answered defendant's inquiry as follows: "In reply to your inquiry of March

8, 1958, if it is your desire to plead guilty to the two charges of burglary-larceny we have open against you in our County and waive extradition to Pennsylvania, we will arrange for the plea to be taken at our next Term of Court. *Please let us know your wishes in the matter.*" On April 1, 1958, defendant replied: "I wish to thank you for your letter, but I don't understand when you say I should plead Guilty. All I want to know, is what are *you* going to do about the detainer you placed against me." (Italics supplied.) It is obvious from the above correspondence that defendant never notified the district attorney as to *his* wishes in the matter but inquired only as to what the *district attorney* was going to do about the charges.

Manifestly, in these circumstances defendant's motion to dismiss must be denied because of defendant's failure to assert his right of trial: Commonwealth v. Weber, 6 D. & C. 2d 693; Commonwealth v. Faulk, 34 D. & C. 344; Commonwealth v. Young, 7 Chester 284 (1956) ; Commonwealth v. Tobias, 4 Cumberland 137 (1953) ; Commonwealth ex rel. Milk, 35 Wash. Co. 104 (1934).

Furthermore, defendant is not in the actual custody and control of the Commonwealth of Pennsylvania. He is presently incarcerated in the State of New Jersey on convictions for unrelated offenses committed in that jurisdiction. He has been there confined during the alleged period of delay. New Jersey, and not Pennsylvania, has had defendant under its exclusive control.

Defendant's petition, therefore, presents the question: Do the constitutional or statutory guarantees of a speedy trial apply so as to entitle defendant to discharge from indictments pending in the Commonwealth of Pennsylvania where, contemporaneously, defendant is serving a sentence in the State of New Jersey for violation of her statutes?

"The general rule, followed in the majority of the states and in the Federal courts, is that, under a constitutional provision guaranteeing to accused a speedy trial, and under statutes supplementing the constitutional provision and enacted for the purpose of rendering it effective, and prescribing the time within which accused must be brought to trial after indictment, a sovereign may not deny an accused person a speedy trial even though he is incarcerated in one of that sovereign's penal institutions under a prior conviction and sentence in a court of that sovereign": 118 A. L. R. 1037.

The rule is based upon the principle that the accused is in the actual custody and control of the same sovereign and may be produced in court for trial upon the pending indictment, at its will and by its authority. Accordingly, the fact that one is convicted and imprisoned by a given sovereignty does not affect the degree of diligence required of the prosecuting officers of the same sovereignty in giving him a speedy trial upon any pending criminal charge.

Manifestly, a very different situation exists where, as here, the State of New Jersey has first acquired jurisdiction and custody of defendant and defendant has been there confined during the alleged period of delay. Under such circumstances we are constrained to hold that the prosecuting officers of the Commonwealth of Pennsylvania cannot be charged with unreasonable delay in failing to proceed with the trial on the Pennsylvania indictments, unless during the term of defendant's New Jersey sentence there exists an unqualified and absolute right in the Pennsylvania authorities to require the New Jersey authorities to permit the presence of the accused for trial in the Pennsylvania courts on the indictments there pending.

In the case before us, the Pennsylvania authorities, as a matter of unqualified right, could not insist or re-

quire that defendant, a New Jersey prisoner, be produced for trial in Pennsylvania.

Section 5 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.5, provides:

"When it is desired to have returned to this State a person charged in this State with a crime, and such person is imprisoned or is held under criminal proceedings then pending against him in another state, the Governor of this State may agree with the executive authority of such other state for the extradition of such person before the conclusion of such proceedings or his term of sentence in such other state, upon condition that such person be returned to such other state at the expense of this State as soon as the prosecution in this State is terminated. . . ."

This statute provides the means by which defendant might be returned to Pennsylvania if the respective Governors of Pennsylvania and New Jersey agree, but the requisite agreement is discretionary, not compulsory.

Section 19 of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, 19 PS §191.19, provides:

"If a criminal prosecution has been instituted against such person under the laws of this State and is still pending, the Governor in his discretion either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this State."

In Commonwealth ex rel. v. Seip, 5 D. & C. 2d 577, 585 (Dauphin County, 1955), affirmed per curiam by the Supreme Court in 385 Pa. 545, it was held that: "The Governor had discretionary power under section 19 . . . , either to grant forthwith New Jersey's application for extradition of the accused, or defer action until the accused was completely punished by serving

his sentence." See also Commonwealth ex rel. Acco-bacco v. Burke, 162 Pa. Superior Ct. 592, 597.

We therefore conclude that no constitutional right .of defendant to a speedy trial was infringed by failure of the Commonwealth of Pennsylvania to put him on trial during the period while he was in the custody of the State of New Jersey and there serving a sentence for violation of the laws of that State.

Our conclusion is sustained by cases in other juris-dictions which hold that constitutional or statutory guarantees of a speedy trial do not operate so as to en-title accused to discharge from indictments pending in the State courts where, contemporaneously, accused is serving a sentence in a Federal prison for violation of Federal statute. See 118 A. L. R. 1046 and cases cited on pages 1046-1048.

We conclude further that under the facts disclosed in this record, there is no obligation imposed upon the prosecuting authorities of the County of Northampton to make application to the authorities of the State of New Jersey for the return of defendant, a New Jer-sey prisoner, to this State for trial of the indictments here pending. We are supported in this conclusion by the well-considered opinion of President Judge Sheely of Adams County dated May 20, 1958, in Common-wealth v. Charles Carl Watson, alias John P. Wash-en, Court of Oyer and Terminer and General Jail De-livery of Adams County, Miscellaneous Docket.[2]

Two statutes have been enacted to supplement Penn-sylvania's constitutional provision guaranteeing to ac-cused a speedy trial: (1) The Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 54, 19 PS §781, which requires prisoners to be tried within two terms after commitment, "two-term rule"; and (2) the Act of June 28, 1957, P. L. 428, 19 PS §881, which permits a prisoner to request disposition of indictments pend-

[2] Reported in 16 D. & C. 2d. 190.

ing against him. These statutes were not overlooked in arriving at our decision. We have carefully examined them and find that defendant is not in a position to invoke the provisions of either statute.

The "two-term rule" does not apply where defendant is serving a term in the penitentiary on a prior sentence: Commonwealth v. Weber (1955), supra; Commonwealth v. Tobias, 4 Cumberland 137 (1953), supra. The statement of Judge Baldrige of the Superior Court in Commonwealth v. Mitchell, 153 Pa. Superior Ct. 582, 587, affirmed by the Supreme Court in 349 Pa. 559, is especially appropriate here: "Our interpretation of the constitution and our statute [Act of 1860] permits a prisoner to be discharged from unlawful imprisonment, but does not permit the guilty to escape prosecution because of a fortuitous circumstance which delays the trial." See also Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211, 219.

The Act of 1957, supra, provides:

"(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional *institution of this Commonwealth*, and whenever during the continuance of the term of imprisonment there is *pending in this Commonwealth* any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appropriate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: . . ." (Italics supplied.)

This act does not impose upon the district attorney of Northampton County the duty of instituting extradition proceedings against defendant, a New Jersey convict now undergoing imprisonment in the State

of New Jersey. Its provisions may be invoked only by prisoners in penal or correctional institutions of this Commonwealth, who, during the continuance of the term of their imprisonment, have pending against them "in this Commonwealth" any untried indictments.

For the reasons herein stated, we enter the following

### Order

And now, December 1, 1958, defendant's motion to dismiss indictments nos. 50 and 51, February term, 1956, returned against him in the Court of Oyer and Terminer and General Jail Delivery for the County of Northampton, is hereby denied.